Caleb S. Crahan, 226470
ccrahan@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
314 552 6477
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

IRICIA SPENCER-SANCHEZ,

Plaintiff,

v.

CONCORDE CAREER COLLEGE/LPN PROGRAM; ROBERT HARRIS, VINCENT MENO, DEBRA COHEN, SIRI DIXON,

Defendants.

Case No.:

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Concorde Career College/LPN Program,[1] Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon (collectively "Defendants") hereby remove this action from the Circuit Court of Multnomah County, Oregon, where it was filed as 26CV05067, to the United States District Court for the District of Oregon. In support of this removal, Defendants state as follows:

[1] The correct name for the entity Plaintiff has attempted to sue is Concorde Career Colleges, Inc.

## BACKGROUND

1. Plaintiff Iricia Spencer-Sanchez ("Plaintiff") commenced litigation styled as *Iricia Spencer-Sanchez v. Concorde Career College/LPN, et al.*, No. 26CV05067 against Defendants in the Circuit Court of Multnomah County Circuit Court on January 28, 2026. A true and correct copy of the entire state court file is attached as Exhibit A.

2. Plaintiff is a student in the licensed practical nursing program at Concorde's Portland campus who was pregnant during her enrollment. Compl. at 1.

3. She claims Defendants engaged in pregnancy-related discrimination and retaliated against her when she complained about the alleged discrimination.

4. In regard to the alleged discrimination, Plaintiff says Defendants "enforced rigid attendance policies without reasonable accommodations for pregnancy and acted with deliberate indifference to Plaintiff's federally protected rights." *Id.* at 4. She then alleges that Defendants "treated [her] less favorably than similarly situated non-pregnant students by subjecting her to attendance warnings, academic penalties, and threats of withdrawal because of her pregnancy." *Id.*

5. As for retaliation, Plaintiff contends that "[a]fter [she] asserted her rights under Title IX and provided medical documentation, Defendants retaliated against her." *Id.* Defendants, according to Plaintiff, denied Plaintiff attendance credit, unfairly graded her assignments, and made false statements about her character and complaint. *Id.* Plaintiff ultimately concludes that the alleged retaliation "was directly related to Plaintiff's assertion of her rights under Title IX and her pregnancy-related medical accommodations." *Id.* at 5.

6. Based on those alleged actions, Plaintiff asserts claims against Defendants for allegedly violating two federal statutes—20 U.S.C. § 1681 (Title IX) and 42 U.S.C. § 1983—and supposedly retaliating against her for making complaints under those statutes. *Id.* at 5-7.

7. Assuming she can succeed on her claims, Plaintiff asks that the Court "[d]eclare that Defendants violated Title IX and 42 U.S.C. § 1983;" enjoin certain conduct; and award compensatory damages, "damages under § 1983, including emotional distress damages," and "reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988." *Id.* at 7.

8. Plaintiff served the complaint on Defendants on February 20, 2026 via registered mail. Service of Process Notification (Ex. B).

9. Notwithstanding that Plaintiff filed her complaint in state court, this action could have originally been filed in federal court pursuant to 28 U.S.C. § 1331 since it is an action arising under federal law.

10. This action thus may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

**FEDERAL QUESTION JURISDICTION**

11. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction accordingly exists "when federal law creates the cause of action." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).

12. When assessing federal question jurisdiction, the "well-pleaded complaint" ultimately controls. *Catepiller Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

13. Each of Plaintiff's claims as pled in her compliant arise under federal law. *See Morgan v. Bend-La Pine Sch. Dist.*, No. CV-07-173-ST, 2009 WL 312423, at *1 (D. Or. Feb. 6, 2009) (finding federal question jurisdiction because the plaintiff asserted claims under Title IX and 42 U.S.C. § 1983). All four counts expressly state they are based on rights created by federal statutes, Title IX and 42 U.S.C. § 1983, and assert claims under those federal statutes. *See* Compl. at 5-7. Plaintiff concludes her claims by reciting that "Defendants violated Plaintiff's rights under Title IX," "Defendants violated Plaintiff's rights to equal protection of the laws," "Defendants violated Plaintiff's rights unde the Due Process Clause of the Fourteenth Amendment," and "Defendants' actions constitute unlawful retaliation under Title IX and violations of Plaintiff's rights under § 1983." *Id.*

14. Plaintiff even recites in her complaint that jurisdiction is predicated on "Title IX, 20 U.S.C. § 1681 et seq. 42 U.S.C. § 1983, and applicable Oregon law." *Id.* at 2.

15. Because Plaintiff asserts federal claims against Defendants in her complaint, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this case may properly be removed from the Circuit Court of Multnomah County, Oregon under 28 U.S.C. § 1441(a).

16. To the extent there is any doubt that Plaintiff's retaliation claim arises under state law as opposed to federal law, which there should not be, the Court may exercise supplemental jurisdiction over that claim given that all of Plaintiff's claims are based on alleged violations of federal statutes.

17. If a court has original jurisdiction over a claim, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Constr. Indus. & Laborers Health &Welfare Trust v. Desert Valley Landscape & Maintenance*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation marks omitted).

18. Plaintiff's retaliation claim incorporates all allegations from her Title IX and § 1983 claims. Compl. at 7. And she alleges "[t]he retaliatory conduct was directly related to Plaintiff's assertion of her rights under Title IX and her pregnancy-related medical accommodations." *Id.* at 5. Plaintiff's retaliation claim, in other words, arises from the same set of operative facts as her federal claims. This makes exercising supplemental jurisdiction over the claims, should that even be necessary, appropriate.

19. This is particularly true since this case does not meet any of the exceptions authorizing the Court to decline exercising supplemental jurisdiction.

**REMOVAL PROCEDURES**

20. This Notice of Removal is timely filed according to 28 U.S.C. § 1446(b) because it is filed within thirty days of when Defendants were served with the summons and complaint.

21. Removal to the United States District Court for the District of Oregon is proper under 28 U.S.C. § 1441(b) since Multnomah County—where the state court action was original filed and was pending—is within the District of Oregon. *See* 28 U.S.C. § 117.

22. All Defendants join in and consent to this removal.

23. Defendants will serve this Notice of Removal on Plaintiff as required by 28 U.S.C. § 1446(d).

24. Defendants will promptly file a written Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, with the Clerk of the Circuit Court of Multnomah County, Oregon. Defendants will also serve the Notice of Filing on Plaintiff.

25. The allegations of this Notice of Removal are true and correct.

26. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them including, but not limited to, those in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants give notice that this action has been removed from the Circuit Court of Multnomah County, Oregon to the United States District Court for the District of Oregon, being the district for the county in which this action was pending, and requests that this action proceed as properly removed to this Court. If any questions arise as to the propriety of removal of this action, Defendants request the opportunity to conduct limited jurisdictional discovery, submit a brief, and present oral argument to support their position that this case was properly removed.

Dated: March 10, 2026.

s/ Caleb S. Crahan
Caleb S. Crahan, 226470
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
P: 314 552 6477
ccrahan@thompsoncoburn.com

Attorney for Defendants Concorde Career College, Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon

**CERTIFICATE OF SERVICE**

I hereby certify I served on this the 10th day of March 2026, the foregoing on the following via e-mail and/or U.S. Mail:

Iricia Spencer-Sanchez
5114 NE 34th St., A-5
Vancouver, WA 98661
iriciaann471@gmail.com

s/ Caleb S. Crahan
OF COUNSEL