# Exhibit A

## Case Information

26CV05067 | Iricia Spencer-Sanchez vs Concorde Career College/ LPN Program, Robert Harris, Vincent Meno, Debra Cohen, Siri Dixon

| Case Number | Court | |
|---|---|---|
| 26CV05067 | MUL Civil | |
| **File Date** | **Case Type** | **Case Status** |
| 01/28/2026 | Tort - General | Open |

## Party

Plaintiff
Spencer-Sanchez, Iricia

Active Attorneys
Pro Se

Defendant
Concorde Career College/ LPN Program

Defendant
Harris, Robert

Defendant
Meno, Vincent

Defendant
Cohen, Debra

Defendant
Dixon, Siri

## Events and Hearings

01/28/2026 Application - Fee Deferral Waiver

01/28/2026 Order - Fee Deferral

Judicial Officer
Authority,
Administrative

01/28/2026 Complaint

Comment
Injunctive Relief; Not Subject to Mandatory Arbitration

01/28/2026 Service

Requested By
Spencer-Sanchez, Iricia

Unserved

Unserved

Unserved

Unserved

Unserved

## Financial

Spencer-Sanchez, Iricia

| | |
|---|---|
| Total Financial Assessment | $533.00 |
| Total Payments and Credits | $0.00 |

| | | |
|---|---|---|
| 1/28/2026 | Transaction Assessment | $283.00 |
| 1/28/2026 | Transaction Assessment | $250.00 |

_Verified Correct Copy of Original 1/30/2026._

FILED MULTNOMAH CO CIRCUIT CT
'26 JAN 28 PM3:55

26CV05067

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF Multnomah

Formal complaint

[Iricia Spencer-Sanchez],

Case No.
Seeking Prayer Relief in the amount of $30,000.

Plaintiff,

v.

[Concorde Career College/ LPN Program],

a [public school district / public college / state educational institution],

and

[Robert Harris, Vincent Meno, Debra Cohen, Siri Dixon]

Defendants.

Plaintiff, Iricia Spencer-Sanchez, is an adult resident of the State of Oregon and, at all relevant times, was a student enrolled in the Licensed Practical Nursing ("LPN") Program at Concorde Career College.

Defendant Concorde Career College is an educational institution receiving federal financial assistance and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

_Verified Correct Copy of Original 1/30/2026._

Defendant Concorde Career College acted under color of state law and is a state actor for purposes of 42 U.S.C. § 1983.

Defendants Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon are employees, administrators, instructors, or agents of Concorde Career College who, at all relevant times, acted under color of state law and were responsible for enforcing attendance policies, grading, lab hours, and student discipline.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to Title IX, 20 U.S.C. § 1681 et seq., 42 U.S.C. § 1983, and applicable Oregon law.

Venue is proper in this Court because the acts and omissions giving rise to these claims occurred in Multnomah County, Oregon, and Defendants conduct business in this county.

## III. FACTUAL ALLEGATIONS

Plaintiff was enrolled as a student in the LPN Program during the 2025–2026 academic year, including her first through third terms.

During her enrollment, Plaintiff was pregnant and experienced pregnancy-related medical complications requiring ongoing medical care.

Plaintiff timely notified Defendants of her pregnancy and provided medical documentation verifying that her absences were medically necessary and pregnancy-related, including absences related to pregnancy complications and medical appointments.

### A. Discriminatory Attendance Enforcement

Despite receiving medical documentation, Defendants refused to excuse Plaintiff's pregnancy-related absences during her first term in July 2025.

_Verified Correct Copy of Original 1/30/2026._

Plaintiff was placed on an "attendance warning" after her first term, even though her absences were directly related to pregnancy complications and were medically excused.

Plaintiff missed a full week of classes due to pregnancy complications and provided a doctor's note in September 2025.

Defendant Vincent Meno informed Plaintiff that she was not permitted to make up missed class time, issued her an attendance warning, and required her to meet with Defendant Debra Cohen regarding her status in the program.

Defendant Siri Dixon told Plaintiff that although the school would accept a doctor's note, it was not required to allow her to make up missed class time.

Defendants repeatedly informed Plaintiff that if she exceeded fourteen (14) days of absences, she would be automatically withdrawn from the program regardless of medical necessity. This policy was stated to Plaintiff and other students on multiple occasions.

During the week of January 19, 2026, Plaintiff specifically informed Defendant Debra Cohen that she was experiencing pregnancy complications and might require early induction. Defendant Cohen responded that if Plaintiff exceeded fourteen days of absences, she would be automatically withdrawn regardless of circumstances.

Plaintiff emphasized that she did not want to be withdrawn and that withdrawal due to pregnancy-related medical complications would be improper.

Defendants further threatened that Plaintiff would fail her fourth term or be unable to complete her preceptorship if she was not present on the first scheduled day, despite her due date being February 19, 2026, and the fourth term beginning February 16, 2026.

Defendants' actions forced Plaintiff to choose between protecting her health and pregnancy or maintaining her educational standing.

_Verified Correct Copy of Original 1/30/2026._

At all relevant times, Defendants had actual knowledge of Plaintiff's pregnancy and medical needs.

Defendants enforced rigid attendance policies without reasonable accommodation for pregnancy and acted with deliberate indifference to Plaintiff's federally protected rights.

Defendants treated Plaintiff less favorably than similarly situated non-pregnant students by subjecting her to attendance warnings, academic penalties, and threats of withdrawal because of her pregnancy.

B. Retaliation

After Plaintiff asserted her rights under Title IX and provided medical documentation, Defendants retaliated against her.

In early November 2025, Defendant Robert Harris denied Plaintiff attendance credit and assigned her a zero for lab days she attended and participated in. This error was not corrected until Plaintiff notified the school that she would pursue legal action if the issue was not immediately remedied.

Plaintiff's assignments and examinations were graded unfairly or withheld, resulting in lower academic evaluations than non-pregnant students with similar performance.

Defendant Vincent Meno spread false statements regarding Plaintiff's character and her legal complaint against Concorde Career College, creating a hostile educational environment.

Plaintiff was informed by multiple classmates that Defendant Meno falsely stated she had improperly involved specific peers, Renne Robles and Jaylinda Ikea, in her legal complaint.

Plaintiff reported this conduct to school administration and management.

Defendants failed to investigate, correct, or prevent the ongoing retaliation.

_Verified Correct Copy of Original 1/30/2026._

The retaliatory conduct was directly related to Plaintiff's assertion of her rights under Title IX and her pregnancy-related medical accommodations.

C. Harm

As a direct and proximate result of Defendants' actions, Plaintiff suffered:

a. Educational harm

b. Financial losses

c. Delay and disruption of her education

d. Emotional distress and humiliation

e. Ongoing fear of academic dismissal

f. Professional and reputational harm

COUNT I – TITLE IX (20 U.S.C. § 1681 et seq.)

Pregnancy Discrimination

Plaintiff incorporates all preceding paragraphs.

Title IX prohibits discrimination on the basis of sex, including pregnancy, childbirth, and related medical conditions, in any education program receiving federal financial assistance.

Defendants discriminated against Plaintiff by refusing to excuse pregnancy-related absences, denying makeup work and academic flexibility, placing her on attendance warning despite medical documentation, and threatening withdrawal due to pregnancy.

Defendants' conduct constituted intentional discrimination and deliberate indifference.

_Verified Correct Copy of Original 1/30/2026._

Defendants violated Plaintiff's rights under Title IX.

COUNT II – 42 U.S.C. § 1983

Equal Protection – Fourteenth Amendment

Plaintiff incorporates all preceding paragraphs.

Pregnancy discrimination constitutes sex-based discrimination under the Equal Protection Clause.

Defendants, acting under color of state law, treated Plaintiff differently than similarly situated non-pregnant students without a legitimate governmental justification.

Defendants violated Plaintiff's right to equal protection of the laws.

COUNT III – 42 U.S.C. § 1983

Procedural and Substantive Due Process

Plaintiff incorporates all preceding paragraphs.

Plaintiff had a protected property interest in her continued enrollment and education.

Defendants deprived Plaintiff of this interest by threatening withdrawal, imposing academic penalties, and denying reasonable accommodations regardless of medical documentation.

Defendants acted arbitrarily and capriciously and without adequate procedural protections.

_Verified Correct Copy of Original 1/30/2026._

Defendants violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

COUNT IV – RETALIATION

(Title IX & 42 U.S.C. § 1983)

Plaintiff incorporates all preceding paragraphs.

Defendants retaliated against Plaintiff because she exercised her federally protected rights and requested pregnancy-related accommodations.

Retaliation included denial of lab credit, unfair grading, denial of makeup opportunities, threats related to preceptorship completion, and dissemination of false information.

Defendants' actions constitute unlawful retaliation under Title IX and violations of Plaintiff's rights under § 1983.

V. DAMAGES AND RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Declare that Defendants violated Title IX and 42 U.S.C. § 1983

B. Issue injunctive relief prohibiting discriminatory attendance enforcement

C. Order removal of attendance warnings and adverse academic records

D. Award compensatory damages in the amount of $30,000

E. Award damages under § 1983, including emotional distress damages

F. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988

G. Grant such other relief as the Court deems just and proper

_Verified Correct Copy of Original 1/30/2026._

VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

[Iricia Spencer-Sanchez ]

Plaintiff, Pro Se

[5114 NE 34th st A-5 Vancouver, WA 98661]

[971-480-1289]

[iriciaann471@gmail.com]

Iricia S.

1-28-2026