Caleb S. Crahan, 226470
ccrahan@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
314 552 6477
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IRICIA SPENCER-SANCHEZ,<br><br>       Plaintiff,<br><br>v.<br><br>CONCORDE CAREER COLLEGE/LPN<br>PROGRAM, et al.,<br><br>       Defendants. | Case No. 3:26-cv-00472-IM<br><br><br>DEFENDANTS CONCORDE CAREER<br>COLLEGE/LPN PROGRAM; ROVER<br>HARRIS, VINCENT MENO, DEBRA<br>COHEN, AND SIRI DIXON'S MOTION TO<br>DISMISS PURSUANT TO FED. R. CIV. P.<br>12(b)(6) |

**LOCAL RULE 7-1 CERTIFICATION**

Defendants Concorde Career College/LPN Program ("Concorde"),[1] Robert Harris, Vincent

Meno, Debra Cohen, and Siri Dixon (collectively "Defendants") conferred in good faith with

Plaintiff Iricia Spencer-Sanchez ("Plaintiff") about their position by telephone on March 16, 2026,

but the parties were unable to resolve the dispute presented in this motion.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b),

54-1(c), or 54-3(e) because it contains 3,264 words, including headings, footnotes, and quotations,

---

[1] The correct name for the entity Plaintiff has attempted to sue is Concorde Career Colleges, Inc.

DEFENDANTS' MOTION TO DISMISS

but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

In accordance with Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss all claims because the Complaint fails to state any claim against them upon which relief can be granted.

## MEMORANDUM IN SUPPORT

I.      INTRODUCTION AND RELEVANT BACKGROUND

Plaintiff's complaint does not plausibly assert any potentially valid claims for relief. Plaintiff is a current student at Concorde. The only class she has missed is due to a self-requested eight-week leave of absence to give birth and care for her baby. During Plaintiff's enrollment, she disclosed to Concorde that she was pregnant. Plaintiff, notwithstanding the conclusions she recites in this lawsuit, has never been subjected to any legally actionable adverse action and remains a student at Concorde in good standing. Critically, Plaintiff has suffered no damages, and Concorde has accommodated her beyond what is required by law to afford her time to give birth and care for her baby. Plaintiff also has not alleged that she has been withdrawn or lost any status in school.

On January 30, 2026, Plaintiff filed a complaint in the Circuit Court of Multnomah County against Concorde (her school) and Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon (all faculty members or administrators at Concorde).[2] Plaintiff's complaint asserts four causes of action against Defendants collectively: Count I – Pregnancy Discrimination in violation of Title IX; Count II – Violation of Equal Protection under 42 U.S.C § 1983; Count III – Violation of

---

[2] Plaintiff has separately sued Concorde in the small claims division of the Multnomah County Circuit Court alleging that Concorde retaliated against her because she complained about her instructors and education experience. Concorde denies Plaintiff's allegations, denies its liability to Plaintiff, and is defending itself in the small claims case.

Procedural and Substantive Due Process Under 42 U.S.C § 1983; and Count IV – Retaliation in violation of Title IX and 42 U.S.C § 1983. None of these claims have merit. In short, Plaintiff has failed to plead facts to support the essential elements of any of these claims. Defendants respectfully request that the Court dismiss her claims pursuant to Rule 12(b)(6).

## II.    ARGUMENT

If a complaint is to survive a Rule 12(b)(6) motion to dismiss, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. The factual allegations must present more than the mere possibility of misconduct." *Doe v. Or. State Univ.,* 614 F. Supp. 3d 847, 854 (D. Or. 2022) (internal citations omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). Nor do "naked assertion[s] devoid of further factual enhancement." *Id*. (internal citations omitted).

Each of Plaintiff's claims fall far short of what is required to state plausible claims for relief. As a threshold matter , both of her § 1983 claims flunk the state action test. They also fail on the merits. The Fourteenth Amendment does not cover pregnancy discrimination. And she has not been deprived a constitutionally protected property interest to be able to state a due process claim. Plaintiff's retaliation claim is woefully inadequate too, with there being a conspicuous absence of allegations regarding multiple elements of the cause of action. Finally, Plaintiff's Title IX claim fails as a matter of law because she has not been deprived of the opportunity to participate in any educational program because of her pregnancy.

a. **Plaintiff has failed to plead sufficient facts to support a plausible § 1983 claim.**

i. **Defendants are not engaged in state action and do not act under color of state law.**

Section 1983 is a derivative statute that acts as "a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Frei v. Or. Bd. of Parole & Post-Prison Supervision*, No. 6:23-cv-01572-IM, 2025 WL 2638091, at *2 (D. Or. Sept. 12, 2025) (internal citations omitted). To have a § 1983 claim then, a plaintiff "must prove that [the defendant] deprived her of a right secured by the Constitution, and acted under color of state law." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121 (9th Cir. 2022) (cleaned up). This means that "[c]laims under § 1983 can be brought only against state actors." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 n.1 (9th Cir. 2022).

Private persons and entities ordinarily are not state actors, do not act under color of state law, and are not subject to liability under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (cleaned up)). It is only where private actors "meet (1) the state policy requirement, and (2) the state actor requirement" that they can be deemed to have engaged in state action for § 1983's purposes. *Wright*, 48 F.4th at 1121. "The state action inquiry boils down to this: is the challenged conduct that caused the alleged constitutional deprivation 'fairly attributable' to the state?" *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020). Courts rely on four tests to determine if the state actor requirement has been met. *See Wright*, 48 F.4th at 1122. "Those tests include the public function test, the joint action test, the state compulsion test, and the governmental nexus test." *Id.*

4

None of those tests are or could be satisfied by Plaintiff's allegations or any set of allegations that could legitimately be put forth in the complaint. Concorde is a private college, and thus is not a state actor, notwithstanding that it receives federal funds in the form of student financial aid. *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020) ("Receipt of government funds is insufficient to convert a private university into a state actor. . . ."). And the individual Defendants are private citizens who are employed by a private entity. They are not alleged to be the government or alleged to have performed any function on behalf of the government as it relates to any of the challenged conduct.

While Plaintiff provides the conclusory allegation that Defendants acted under the color of state law, she offers no facts supporting her conclusion. A mere conclusory statement that Defendants are acting under the color of state law, simply put, is insufficient to meet the required pleading standard. *See Iqbal*, 556 U.S. at 678. Plaintiff's § 1983 (Counts II, III, and IV) must be dismissed for failure to state a claim as a result. *See Turner v. Drane,* 127 F.3d 1106, 1997 WL 665695, at *1 (9th Cir. 1997) ("Because [the plaintiff] failed to allege significant state involvement in any of the private parties' alleged misconduct, the above claims must be dismissed for failure to state a claim."); *Turner v. Bushong*, 3:12-CV-2363-ST, 2013 WL 595097, at *2 (D. Or. Jan. 4, 2013), *report and recommendation adopted*, 3:12-CV-02363-ST, 2013 WL 595096 (D. Or. Feb. 14, 2013) ("Because [the defendant] was not acting on behalf of any governmental entity, [the defendant] is a private party not acting 'under color' of state law and cannot be held liable under § 1983 absent evidence that she conspired with state officials [to] deprive [the plaintiff] of a federal right.").

ii.  **The Fourteenth Amendment does not protect against pregnancy discrimination.**

Plaintiff's contention that "pregnancy-discrimination constitutes sex-based discrimination under the Equal Protection Clause," [DKT. 1-1, p. 10], is false and inconsistent with settled law. Pregnancy-related discrimination does not violate the Fourteenth Amendment. *See United States v. Flores*, 540 F.2d 432, 438 (9th Cir. 1976) (per curiam) ("The Supreme Court has held that discrimination based on pregnancy is not invidious and therefore does not violate the Equal Protection Clause of the 14th Amendment."). Claims alleging pregnancy discrimination under the Fourteenth Amendment are thus appropriately dismissed for failing to state plausible claims for relief. *See, e.g., Younge v. Fulton Jud. Cir. Dist. Attorney's Off., Georgia*, 1:20-CV-684-WMR-CMS, 2020 WL 12029309, at *3 (N.D. Ga. Dec. 21, 2020), *report and recommendation adopted*, 120CV00684WMRCMS, 2021 WL 4901896 (N.D. Ga. Mar. 10, 2021) ("Because the Supreme Court still does not recognize discrimination on the basis of pregnancy as violating the Equal Protection Clause, [the court] find[s] and conclude[s] that the motion to dismiss should be granted . . . ."). As the Fourteenth Amendment does not prohibit discrimination based on pregnancy, Count II of the complaint should be dismissed.

iii.  **Plaintiff fails to plead facts sufficient to support a claim of a violation of procedural and substantive due process (Count III).**

Even if Plaintiff could overcome the other barriers preventing her from stating § 1983 claims, Count III should be dismissed since Plaintiff has not pled sufficient facts to give rise to a plausible due process violation. "To allege a deprivation of the Fourteenth Amendment right to substantive due process under § 1983, a plaintiff must show: (1) a deprivation of life, liberty, or property; and (2) behavior by the government that 'shocks the conscience' in a constitutional sense." *Gale v. SAIF Corp.,* 3:18-CV-00707-AC, 2020 WL 809381, at *4 (D. Or. Jan. 3, 2020),

*report and recommendation adopted*, 3:18-CV-00707-AC, 2020 WL 798142 (D. Or. Feb. 16, 2020). Additionally, "[t]o prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) the lack of adequate process." *Id.* at *6 (internal citations omitted). "Notice and a meaningful opportunity to be heard are the hallmarks of procedural due process." *Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*, 577 F. Supp. 3d 1141, 1160 (D. Or. 2021) (internal citations omitted).

Plaintiff's allegation here is that she has a property interest in her continued enrollment. But students do not have a property right in continuing their education. *See Doe,* 614 F. Supp. 3d at 859 (holding that a student could not establish a property interest in continued education at a <u>state</u> university because a property right to continuing education "was not clearly established[,]" as required to establish a due process claim) (underline added, italics omitted). That in and of itself disposes of Plaintiff's due process claim.

Putting aside the fact that Plaintiff has failed to allege any facts suggesting why or how she has a property interest in continued enrollment at a private college, Plaintiff has not alleged, and cannot allege, that she was deprived of her claimed property interest. She only alleges Defendants (1) threatened to withdraw her; (2) imposed academic penalties on her; and (3) denied her reasonable accommodations regardless of medical documentation. Plaintiff does not plead, nor could she, that any of these alleged acts deprived her of continued enrollment. This is because Plaintiff remains a student at Concorde to this day. Plaintiff's due process claim (Count III) is not viable and should be dismissed.

### b.  **Plaintiff has not stated a retaliation claim against any Defendant.**

Plaintiff's retaliation claim, according to the complaint, falls under both Title IX and § 1983. Regardless of the statute she chooses, though, she does not have a plausible claim for relief against Defendants, collectively or separately. Under Title IX "[a] plaintiff may include direct evidence of retaliation or make out a prima facie case by showing (1) she was engaged in protected activity, (2) she suffered an adverse action, and (3) there was a causal relationship between the two. For a claim under Title IX, a plaintiff must show the retaliatory conduct occurred because the plaintiff complained of sex discrimination." *Gregg v. Univ. of Portland*, 3:22-CV-01680-JR, 2023 WL 11832321, at *2 (D. Or. Mar. 16, 2023) (internal citations omitted). Similarly, "[t]o recover under § 1983 for [] retaliation, a plaintiff must prove: (1) [s]he engaged in constitutionally protected activity; (2) as a result, [s]he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Moore v. Garnand,* 83 F.4th 743, 750 (9th Cir. 2023) (internal citations omitted). Here, Plaintiff has failed plead facts to establish any of these elements.

Plaintiff points to two ways in which she allegedly engaged in protected activity: (1) she exercised her federally protected rights; and (2) she requested pregnancy-related accommodations. Yet, Plaintiff does not allege any federally protected right she exercised. More problematically, and fatal to Plaintiff's retaliation claim, there are no allegations suggesting there is any causal relationship between any alleged protected activity and an adverse action taken by Defendants. This is not surprising seeing as there are no facts that Plaintiff could plausibly allege to support the nexus the law requires. Against this backdrop, Plaintiff's claim for retaliation should be dismissed. *See Thomsen v. City Coll. of San Francisco,* C 08-3333-SBA, 2008 WL 5000221, at *3

(N.D. Cal. Nov. 21, 2008) (granting defendant's motion to dismiss plaintiff's Title IX retaliation claim because Plaintiff could not establish a causal connection between protected activity and adverse action); *Nguyen v. Regents of Univ. of Cal.*, 823 F. App'x 497, 502 (9th Cir. 2020) (dismissing Title IX and § 1983 claims for failure to establish a causal connection between protected activity and an adverse action).

### c. Plaintiff has not plausibly alleged a Title IX claim for pregnancy discrimination (Count I) against any Defendant.

"[T]he relevant inquiry on a motion to dismiss a Title IX claim in this context is whether the alleged facts, if true, raise a plausible inference that the university discriminated against the plaintiff on the basis of sex." *Doe,* 614 F. Supp. 3d at 854 (internal citations omitted). The necessary plausible inference, however, cannot be drawn from Plaintiff's complaint. "To state a Title IX claim, a plaintiff must plead that: (1) the defendant educational institutional receives federal funding[,] (2) the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination under any education program or activity, and (3) the latter occurred on the basis of sex." *Id.* (internal citations omitted).[3]

Among the myriad problems plaguing Plaintiff's claim, the most prominent obstacle is that she in no way alleges that any Defendant's conduct deprived her of participation in any program at Concorde. The absence of this type of allegation makes perfect sense because Plaintiff has never been denied the benefit of any education program at Concorde. Plaintiff, in fact, never alleges she has been excluded from participating in any education program or activity or that any Defendant

---

[3] Defendants are not aware of any case in this jurisdiction that addresses the elements of a pregnancy discrimination claim under Title IX. Other jurisdictions have held that "a plaintiff seeking to establish disparate treatment on the basis of sex ma[y] proceed using Title VII's burden-shifting approach from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this approach, Plaintiff makes a showing that she was pregnant, that she was subjected to an adverse action, and that there is a causal connection between her pregnancy and the adverse action." *Stanford v. Fox Coll.,* 18 C 3703, 2020 WL 814865, at *6 (N.D. Ill. Feb. 19, 2020) (internal citations omitted). Notably, Plaintiff has not alleged she was subjected to any actionable adverse action.

has taken any adverse action against her. At most, Plaintiff says she was subjected to intentional pregnancy discrimination when Defendants "refus[ed] to excuse pregnancy-related absences, den[ied] makeup work and academic flexibility, plac[ed] her on attendance warning despite medical documentation, and threaten[ed] withdrawal due to pregnancy."[4] [DKT. 1-1, p. 9]. But there is no dispute Plaintiff is a current student at Concorde to this day and there are no allegations that any of the alleged adverse actions were taken against Plaintiff on account of her pregnancy. Stated differently, Plaintiff has not alleged she was subjected to any discrimination in any education program beyond factually devoid conclusory statements. Her claim for pregnancy discrimination (Count I) should be dismissed.

### d. Plaintiff's Title IX claims against Harris, Meno, Cohen, and Dixon must be dismissed as Title IX does not allow for individual liability.

Plaintiff's Title IX claims in Counts I and IV against the four individual Defendants (Harris, Meno, Cohen, and Dixon) fail as a matter of law. Title IX does not allow for individual liability. Title IX claims can be asserted only against institutions that receive federal funding, not individuals. *See Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 257, (2009) ("Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), which may include nonpublic institutions, § 1681(c), but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals[.]"). Consistent with this precedent, this Court has dismissed multiple Title IX claims asserted against individual defendants on the basis of the fact that "Title IX does not subject school officials to liability in their individual capacities." *G.C. ex rel. Counts v. N. Clackamas Sch. Dist.,* 654 F. Supp. 2d 1226, 1237 (D. Or. 2009) (internal

---

[4] Plaintiff also alleges that Defendants' conduct constituted deliberate indifference. Deliberate indifferent applies to claims of harassment under Title IX, not pregnancy discrimination. Plaintiff has made no allegations of harassment here. *See Lilly v. Univ. of Cal.-San Diego,* 751 F. Supp. 3d 1056, 1072 (S.D. Cal. 2024) ("An institution is deliberately indifferent if its response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.") (internal citations omitted).

citations omitted); *see also Gililland v. Sw. Or. Cmty. Coll. Dist. ex rel Bd. of Educ.*, 6:19-cv-00283-MK, 2021 WL 5760848, at *7 (D. Or. Dec. 3, 2021) ("Plaintiff's Title IX claims against the individual school officials fail as a matter of law"). The same should be done in this case. Plaintiff's Title IX claims against Harris, Meno, Cohen, and Dixon, fail as a matter of law because they are individuals, not institutions receiving federal funding.

### e. <u>Leave to amend should be denied.</u>

Courts have discretion to deny leave to amend in certain circumstances, even where the plaintiff is proceeding *pro se*, including where an amendment would be futile. *See O'Callaghan v. City of Portland,* 3:12-CV-00201-YY, 2019 WL 7598837, at *6 (D. Or. Sept. 24, 2019), *report and recommendation adopted,* 3:12-CV-0201-YY, 2020 WL 265197 (D. Or. Jan. 17, 2020) (The Court "may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[,] and futility of amendment.") (internal citations omitted). For the reasons stated above, Plaintiff's Complaint has no legal bases that amendment could cure. *See Ellis v. Alpenrose Dairy, Inc.*, CIV. 01-16-HA, 2001 WL 34041774, at *1 n.1 (D. Or. June 7, 2001) ("A court is not required to grant leave to amend a claim brought by a *pro se* plaintiff where the claim has no legal bases and cannot be saved by amendment."). The result being that any amendment would be futile and leave to amend should not be granted to Plaintiff. Her claims should instead be dismissed with prejudice.

### III.    CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's Complaint and order any such further relief as the Court deems just and proper.

Dated: March 17, 2026.

s/ Caleb S. Crahan

Caleb S. Crahan, 226470
Attorney for Defendants Concorde
Career College, Robert Harris,
Vincent Meno, Debra Cohen, and
Siri Dixon

**CERTIFICATE OF SERVICE**

I hereby certify I served on this the 17th day of February 2026, the foregoing on the following via e-mail and/or U.S. Mail:

Iricia Spencer-Sanchez
5114 NE 34th St., A-5
Vancouver, WA 98661
iriciaann471@gmail.com

s/ Caleb S. Crahan
OF COUNSEL
