Caleb S. Crahan, 226470
ccrahan@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
314 552 6477
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IRICIA SPENCER-SANCHEZ,<br><br>     Plaintiff,<br><br>v.<br><br>CONCORDE CAREER COLLEGE/LPN PROGRAM, et al.,<br><br>     Defendants. | Case No. 3:26-cv-00472-IM<br><br><br>DEFENDANTS CONCORDE CAREER COLLEGE/LPN PROGRAM; ROBERT HARRIS, VINCENT MENO, DEBRA COHEN, AND SIRI DIXON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE THE PROCEEDINGS |

Plaintiff Iricia Spencer-Sanchez's ("Plaintiff") Motion to Continue the Proceedings and Response in Opposition to Defendant Concorde Career College, Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon's (collectively "Defendants") Motion to Dismiss improperly adds additional facts not included in Plaintiff's Complaint, fails to address any of Defendants' arguments asserted in their Motion to Dismiss, and violates Local Rule 7-1. In short, Plaintiff's filing does nothing to overcome Defendants' arguments that the claims asserted against them fail as a matter of law. For all the reasons set forth in their opening brief, Defendants' motion should be granted and Plaintiff's claims should be dismissed in their entirety.

## <u>ARGUMENT</u>

**I.      Plaintiff's motion to continue the proceedings violates Local Rule 7-1(b) and would unduly prejudice Defendants if granted.**

Local Rule 7-1(a) requires that the movant certify that the parties made a good faith effort through personal or telephone conferences to resolve the dispute.  Should a party fail to meet their conferral obligations, "[t]he Court may deny any motion that fails to meet this certification requirement." Local Rule 7-1(a)(3). Defendants stressed the importance of Local rule 7-1(a) when they scheduled a conference with Plaintiff to discuss their intent to file a motion to dismiss. Plaintiff nevertheless made no attempt to contact Defendants to confer about her motion to continue.  Plaintiff's failure to confer with Defendants and provide a certification to the Court regarding her efforts warrant denying Plaintiff's motion to continue and proceeding to ruling on Defendants' motion to dismiss.  *See Todd v. McMahn*, No. 1:15-CV-1091-MC, 2016 WL 11810792, at *1 (D. Or. Apr. 21, 2016) ("The obvious purpose of Local Rule 7.1 is to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention . . . . Plaintiff's failure to confer with Defendants' counsel is sufficient reason to deny his motion." (internal citations omitted)); *Justice v. Rockwell Collins, Inc.*, 117 F. Supp. 3d 1119, 1132 n.7 (D. Or. 2015), *aff'd,* 720 F. App'x 365 (9th Cir. 2017) ("[E]ven pro se plaintiffs must comply with the local rules." (internal citations omitted)); *McCollough v. Portland State Univ.*, No. 3:23-CV-1582-AR, 2024 WL 4950337, at *1 n.1 (D. Or. Dec. 2, 2024) ("Although the Court construes the pleadings of *pro se* parties liberally, *pro se* parties still must comply with the local rules." (emphasis in original)).

More substantively, continuing Plaintiff's deadline to respond to Defendants' motion to dismiss would prejudice Defendants' ability to litigate the case. Plaintiff filed her Complaint on January 28, 2026, over 60 days ago.  And yet, it was only after Defendants moved to dismiss the

action that she has requested additional time to obtain an attorney. Defendants should not be put at a disadvantage in their defense due to Plaintiff only seeking counsel under the auspices of being unfamiliar with the rules of procedure even though that did not stop her from now filing two lawsuits against Concorde.

In addition to running afoul of the meet-and-confer requirement, Plaintiff's filing violates Local Rule 7-1(b) which provides that "[m]otions may not be combined with any response, reply, or other pleading." Plaintiff nonetheless did just that with her filing. She begins by responding to Defendants' motion to dismiss and then, in the same document, moves for a continuance in violation of Local Rule 7-1(b). Plaintiff's improper consolidation of her response and motion to continue thus provides further grounds for the Court to deny Plaintiff's motion. *See Baldwin v. Doe*, No. 3:16-CV-00109-PK, 2016 WL 10648446, at *1 (D. Or. Nov. 21, 2016) (holding that in the context of Local Rule 7-1(b), "failure to comply with the Local Rules supplies a separate and independent basis for denying [plaintiff's] motion.").

**II.     The new facts asserted in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss are irrelevant and cannot be considered when ruling on Defendants' motion to dismiss.**

Turning to the merits, which the Court should consider now, Plaintiff's filing does not defeat Defendants' motion or otherwise stave off dismissal. All Plaintiff has done is restate certain allegations from her complaint and improperly add new facts that she never alleged before. ECF No. 4 at 2-4. The new allegations include Plaintiff's contention that "[i]n or around November 2025, an instructor identified as Joanne made statements in the presence of Plaintiff, other LPN students, and another pregnant student named Savannah expressing negative opinions regarding pregnant women, including comments indicating that she did not like pregnant students." *Id.* at 3. Plaintiff then alleges that "[t]hese statements were made publicly in the classroom environment

and contributed to a hostile and discriminatory educational atmosphere directed toward pregnant students." *Id*. She also alleges for the first time that "[o]n February 10, 2026, while Plaintiff was on medically documented maternity leave, Plaintiff received communication from program representative Rochelle M stating that Plaintiff would be unenrolled from the LPN program if required makeup hours were not completed by February 17, 2026." *Id.* at 4. Plaintiff goes on to allege that "[t]his communication occurred despite Plaintiff previously providing formal notice and medical documentation indicating that her maternity leave began on February 5, 2026 due to pregnancy-related complications and a scheduled induction. As a result of this communication, Plaintiff's academic status within the program remains unclear." *Id.* at 4.

These new facts are irrelevant for purposes of Defendants' Motion to Dismiss and should not be considered at this stage. *See Ireland v. Bend Neurological Assocs. LLC*, No. 6:16-CV-02054-JR, 2017 WL 3404970, at *3 (D. Or. May 23, 2017), *report and recommendation adopted,* No. 6:16-CV-02054-JR, 2017 WL 3401268 (D. Or. Aug. 8, 2017) ("In any event, new allegations contained in the [plaintiff's] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes. Rather, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Thus, in evaluating defendants' motions, this Court focuses exclusively on the allegations expressly plead in plaintiff's complaint." (internal citations omitted) (brackets in original). Even if that were not the case, the new facts, like the old ones, fail to provide any basis for Plaintiff to state a plausible claim for relief under any of her theories.[1] Defendants' motion should be granted and Plaintiff's claims should be dismissed.

---

[1] Plaintiff appears to assert for the first time that her rights under the Family Educational Rights and Privacy Act ("FERPA") were violated. There is no private right of action under FERPA and any effort Plaintiff has made to assert such a claim must be denied. *See Young v. Parkrose Sch. Dist.,* No. 3:26-CV-00043-JR, 2026 WL 674234, at *3 (D. Or. Mar. 10, 2026) ("[T]here is no private right of action for alleged FERPA violations").

**III.** **Plaintiff responds to Defendants' Motion to Dismiss but fails to oppose any of Defendants' arguments.**

While Plaintiff generally asserts that Defendants' motion to dismiss should be denied, Plaintiff does not respond to any of Defendants' arguments explaining why it is proper for the Court to dismiss her claims. Defendants will not repeat their arguments in full for brevity's sake. In summary, Plaintiff failed to state plausible claims for relief under § 1983 and Title IX because: 1) Defendants do not engage in state action; 2) the Fourteenth Amendment does not protect against pregnancy discrimination; 3) Plaintiff failed to plead facts sufficient to establish a plausible due process claim; 4) Plaintiff failed to plead facts sufficient to establish a plausible claim for retaliation under § 1983 and/or Title IX; 5) Plaintiff failed to plead facts sufficient to state a plausible claim for discrimination under Title IX; and 6) there is no individual liability under Title IX.

"Generally, failure to respond to an argument in a motion to dismiss is a concession to that argument. To be sure, a plaintiff who makes a claim in a complaint but fails to raise the issue in response to a defendant's motion to dismiss that claim, has effectively abandoned that claim." *Lancaster v. Oregon Health & Sci. Univ.*, No. 3:24-CV-00916-SB, 2025 WL 2324647, at \*2 (D. Or. Jan. 10, 2025), *report and recommendation adopted as modified,* No. 3:24-CV-00916-SB, 2025 WL 2170750 (D. Or. July 31, 2025) (internal citations omitted). That is what should be found to have occurred here. Defendants' Motion to Dismiss should be granted.

**<u>CONCLUSION</u>**

For the reasons set forth above and in their opening Motion to Dismiss, Defendants respectfully request that the Court grant their pending Motion to Dismiss and deny Plaintiff's Motion to Continue Proceedings.

Dated: April 1, 2026.

s/ Caleb S. Crahan

Caleb S. Crahan, 226470
Attorney for Defendants Concorde
Career College, Robert Harris,
Vincent Meno, Debra Cohen, and
Siri Dixon

**CERTIFICATE OF SERVICE**

I hereby certify I served on this the 1st day of April 2026, the foregoing on the following via e-mail and/or U.S. Mail:

Iricia Spencer-Sanchez
5114 NE 34th St., A-5
Vancouver, WA 98661
iriciaann471@gmail.com

s/ Caleb S. Crahan
OF COUNSEL
