**IN THE UNITED STATES DISTRICT COURT**

**OR THE DISTRICT OF OREGON**

**Iricia Spencer-Sanchez,**

**Plaintiff,**

**v.**

**Concorde Career College, et al.,**

**Defendants.**

**Case No. 3:26-cv-00472-IM**

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE AND MOTION TO DISMISS

DEFENSE COUNSEL FOR MISCONDUCT

## I. INTRODUCTION

Plaintiff, proceeding pro se, respectfully submits this Response in opposition to Defendants' Motion to

Continue and further moves this Court for an order disqualifying Defendants' counsel due to

misconduct, including the submission of false statements, attempts to mislead the Court, and conduct

that interferes with the integrity of these proceedings.

## II. RESPONSE TO DEFENDANTS' MOTION TO CONTINUE

A. Plaintiff Satisfied the Meet-and-Confer Requirement

Defendants' assertion that Plaintiff failed to comply with Local Rule 7-1(a) is false and unsupported.

On or about March 16, 2026, Plaintiff participated in a telephone conference with Defendants' counsel,

Caleb S. Crahan, for the purpose of meeting and conferring. Plaintiff engaged in good faith discussions,

provided the requested basis for continuing the federal case, and Defendants' counsel failed to propose

any resolution.

Plaintiff has retained email correspondence documenting her efforts to meet and confer, which directly

contradict Defendants' representations to the Court.

B. Defendants Mischaracterize Plaintiff's Claims

Defendants' assertion that Plaintiff has introduced new or unrelated claims is inaccurate. Plaintiff's

claims have consistently arisen from violations of Title IX, pregnancy discrimination, and retaliation.

Additional details are factual elaborations, not new claims.

C. Defendants' Statements Regarding Attendance and Damages Are False

Defendants' claim that Plaintiff did not suffer damages is false. Plaintiff missed approximately one week

of class due to pregnancy-related complications, provided medical documentation, and was denied the

opportunity to make up coursework. Plaintiff was placed on an attendance warning despite compliance.

Such conduct constitutes discrimination under Title IX. Plaintiff possesses documentary evidence

supporting these facts.

D. Plaintiff Is Not Required to Present Evidence at This Stage

At this stage, Plaintiff is not required to produce full evidentiary support. Evidence is developed during

discovery under the Federal Rules of Civil Procedure.

### III. MOTION TO DISQUALIFY DEFENSE COUNSEL

Plaintiff moves to disqualify defense counsel Caleb S. Crahan due to misconduct.

A. Submission of False Statements

Defense counsel has made materially false statements, implicating 18 U.S.C. § 1001.

B. Obstruction and Interference with Judicial Proceedings

Defense counsel's conduct constitutes interference with judicial proceedings under 18 U.S.C. §§ 1503

and 1505.

C. Prejudice to Plaintiff

Defense counsel's conduct has prejudiced Plaintiff and interfered with her right to a fair proceeding.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Continue, disqualify defense

counsel, and grant such further relief as the Court deems just and proper.


## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2026, a true and correct copy of the foregoing document was served

via electronic mail and/or United States Mail upon the following:

Caleb S. Crahan

Thompson Coburn LLP

One US Bank Plaza

St. Louis, MO 63101

ccrahan@thompsoncoburn.com

Attorney for Defendants

Respectfully submitted,

Iricia Spencer-Sanchez

5114 NE 34th St. A-5

Vancouver, WA 98661

Email: Iriciaann471@gmail.com

Phone: (971) 480-1289