Caleb S. Crahan, 226470
ccrahan@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
314 552 6477
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| IRICIA SPENCER-SANCHEZ,<br><br>　　　Plaintiff,<br><br>v.<br><br>CONCORDE CAREER COLLEGE/LPN PROGRAM, et al.,<br><br>　　　Defendants. | Case No. 3:26-cv-00472-IM<br><br><br>DEFENDANTS CONCORDE CAREER COLLEGE/LPN PROGRAM; ROVER HARRIS, VINCENT MENO, DEBRA COHEN, AND SIRI DIXON'S RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL |
| --- | --- |

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,364 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

**RESPONSE**

Defendants Concorde Career College/LPN Program, Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon ("Defendants") respectfully request that the Court deny the motion filed by

DEFENDANTS' MOTION TO DISMISS

Plaintiff Iricia Spencer-Sanchez ("Plaintiff") to disqualify counsel for Defendants, Caleb S. Crahan ("Counsel").

## I.  Background

Defendants removed this case from the Circuit Court for Multnomah County on March 10, 2026. *See* ECF No. 1.  On March 17, 2026, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6) (the "Motion to Dismiss"). *See* ECF No. 3. The very next day, Plaintiff, proceeding *pro se*, served Defendants via email with her response to the Motion to Dismiss.[1] *See* ECF no. 4.

In Plaintiff's response to the Motion to Dismiss, Plaintiff included a motion to continue (the "Motion to Continue"). *See id*. Plaintiff requested an extension of time to "obtain legal consultation and properly respond to procedural matters, as Plaintiff is currently proceeding pro se and is unfamiliar with federal court procedures."[2] *Id.*  In Defendants' reply in support of the Motion to Dismiss, Defendants noted that Plaintiff failed to confer, pursuant to LR 7-1(a), on her intent to file a motion to continue. *See* ECF No. 5.

On April 12, 2026, Plaintiff served Defendants with the motion at issue here (the "Current Motion"). *See* ECF No. 6. The Current Motion asks the court to "deny Defendants' Motion to Continue, disqualify defense counsel, and grant such further relief as the Court deems just and proper."[3] *Id.*

---

[1] Defendants presume that Plaintiff mailed her filing to the Court. As such, Plaintiff's response to the Motion to Dismiss appears on the docket as of March 27, 2026. *See* ECF No. 4.

[2] *But see Spencer-Sanchez v. Crestview Operations, LLC*, D. Or. Case No. 3:25-cv-017070, ECF No. 10 ("Hello, please allow plaintiff Iricia Sanchez an extension through Nov to establish legal counsel/consult in regards to the discovery hearing request. Plaintiff is not familiar with Federal process and needs to seek legal counsel."); *see also same case* at ECF No. 15 ("I am requesting an additional extension to respond to defendants + federal courts.")

[3] For the avoidance of any doubt, Defendants have not filed a motion to continue.

To that end, Plaintiff claims that "Defendants' assertion that Plaintiff failed to comply with Local Rule 7-1(a) is false and unsupported." *Id.* Plaintiff then argues as follows:

> On or about March 16, 2026, Plaintiff participated in a telephone conference with [Counsel] for the purpose of meeting and conferring. Plaintiff engaged in good faith discussions, provided the requested basis for continuing the federal case,[4] and Defendants' counsel failed to propose any resolution. Plaintiff has retained email correspondence documenting her efforts to meet and confer, which directly contradict Defendants' representations to the Court.

*Id.*[5]

On March 16, 2026, Plaintiff did, in fact, participate in a meet and confer with Counsel. Crahan Decl. ¶ 11. That conference, however, was a discussion concerning Defendants' intent to file the Motion to Dismiss. *Id.* ¶¶ 11–14. Indeed, in their March 16, 2026, meet and confer, Counsel and Plaintiff discussed (1) the parties obligation to meet and confer pursuant to LR 7-1(a); (2) Defendants' intent to file a motion to dismiss under FED. R. CIV. P. 12(b)(6); (3) how a FED. R. CIV. P. 12(b)(6) motion works; and (4) Defendants' FED. R. CIV. P. 12(b)(6) arguments with respect to each of Plaintiff's claims. *Id.* ¶ 11. Counsel asked Plaintiff if he was mistaken as to any of his arguments. *Id.* ¶ 12. Plaintiff then recited the facts and evidence she alleges support her claims. *Id.* Counsel has no recollection of Plaintiff making any attempt in that phone call to confer, good faith or otherwise, on a motion to continue. *Id.* ¶ 14.

And Plaintiff was anything but cooperative in Counsel's effort to organize a meet and confer on Defendants' Motion to Dismiss. Indeed, between March 12, when Counsel first

---

[4] Plaintiff's use of the term "the federal case" is worth noting. In addition to this case and the several other cases Plaintiff has been a *pro se* plaintiff to in recent years, Plaintiff sued Defendant Concorde Career College in Multnomah County Small Claims Court on November 24, 2025. Case No. 25SC30981. That case is still pending, and on February 9, 2026, that court denied Concorde's motion for representation by counsel.

[5] The remaining portions of the Current Motion contain legal arguments in response to Defendants' Motion to Dismiss. *See* ECF No. 6 at 2-3. Plaintiff made no effort to explain why she should be permitted to file a surreply in response to Defendants' Motion to Dismiss. *See Numrich v. Qwest Corp*, No. 3:14-CV-01864-BR, 2015 WL 1883917, at *3 (D. Or. Apr. 23, 2015) ("[S]urreplies are disfavored and the party seeking to submit one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met.") (internal quotation omitted).

3

introduced himself to Plaintiff, and March 16, when the parties spoke, Plaintiff sent Counsel a number of emails conveying the following messages: (1) that she was unavailable for a meeting; (2) that she would not be available for a meeting until April; (3) that it was inappropriate for Counsel to contact her because Defendants know she is on maternity leave; (4) that she intended to inform "the courts" of Defendants failure to follow "proper procedure/protocol" in filing their notice of removal; and (5) that despite Counsel's request that Plaintiff let him know if she retained counsel, Plaintiff is "not required to give [Counsel] the information of the legal counsel [she] seek[s] advice from and consultation from, just to clarify." *Id.* ¶¶ 3–10.

To Plaintiff's credit, after several emails, she did agree to confer with Counsel. *Id.* ¶ 10. That conversation, however, concerned only Defendants' Motion to Dismiss. *Id.* ¶¶ 11–14. At no point prior to its filing did Plaintiff make a good faith effort through personal or telephone conference to resolve the issues presented in her Motion to Continue. *Id.* ¶ 1.

II.     **Argument**

"Because a motion to disqualify is often tactically motivated, and can be disruptive to the litigation process, it is a drastic measure that is generally disfavored." *Quatama park Townhomes Owners Assn. v. RBC Real Estate Fin., Inc.*, 365 F. Supp. 3d 1129, 1137 (D. Or. 2019) (internal quotation omitted and cleaned up). "The cost and inconvenience to clients and the judicial system from misuse of the [ethical] rules for tactical purposes is significant." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citation omitted). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict scrutiny." *Id.* (internal quotation omitted). Thus, a party moving for disqualification of counsel "bears the burden of demonstrating that disqualification is warranted by satisfying a 'high standard of proof.'"

*Sabrix, Inc. v. Carolina Cas. Ins. Co.*, No. CV-02-1470-HU, 2003 WL 23538035, at *1 (D. Or. July 23, 2003) (citation omitted).

Counsel has not made any misrepresentations to the Court. Plaintiff failed to satisfy her obligation under LR 7-1(a) to meet and confer prior to filing her Motion to Continue. True and correct copies of all emails exchanged between Counsel and Plaintiff prior to the date Plaintiff filed her Motion to Continue are attached to this response. In those emails—the focus of which was scheduling a meet-and-confer on Defendants' Motion to Dismiss—Plaintiff was hardly cooperative. Nevertheless, the parties met over the phone on March 16, 2026. But the focus of that conversation was Defendants' Motion to Dismiss. At no point prior to its filing, did Plaintiff make a good faith effort through personal or telephone conference to resolve the issues presented in her Motion to Continue.

The Current Motion is nothing more than a disruptive abuse of the judicial process and the ethical rules governing attorneys. The Current Motion cannot satisfy the high standard of proof required on a motion to disqualify counsel. The Current Motion cannot withstand scrutiny.

WHEREFORE, Defendants Concorde Career College/LPN Program, Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon respectfully request that the Court (1) deny the Current Motion, and (2) issue such further relief as the Court deems just and proper.

Dated: April 27, 2026.

s/ Caleb S. Crahan
Caleb S. Crahan, 226470
Attorney for Defendants Concorde
Career College, Robert Harris,
Vincent Meno, Debra Cohen, and
Siri Dixon

**CERTIFICATE OF SERVICE**

I hereby certify I served on this the 27th day of April 2026, the foregoing on the following via e-mail and/or U.S. Mail:

Iricia Spencer-Sanchez
5114 NE 34th St., A-5
Vancouver, WA 98661
iriciaann471@gmail.com

s/ Caleb S. Crahan
OF COUNSEL
