Caleb S. Crahan, 226470
ccrahan@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
314 552 6477
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IRICIA SPENCER-SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> CONCORDE CAREER COLLEGE/LPN PROGRAM, et al., <br><br> Defendants. | Case No. 3:26-cv-00472-IM <br><br><br> Declaration of Caleb S. Crahan in Support of Defendants' Response to Plaintiff's Motion to Disqualify Counsel |

### DECLARATION OF CALEB S. CRAHAN

1. My name is Caleb S. Crahan. I am an associate at the law firm of Thompson Coburn LLP. I am counsel for Defendants Concorde Career Colleges, Inc., Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon (collectively, "Defendants"). I am of legal age and competent to testify regarding the facts set forth herein, as they are based on my own personal knowledge.

2. At no point prior to its filing did Plaintiff Iricia Spencer-Sanchez ("Plaintiff") make a good faith effort through personal or telephone conference to resolve the issues presented in her March 27, 2026 motion to continue ("Plaintiff's Motion").[1] *See* ECF No. 4.

---

[1] Plaintiff's Motion is included in her response to Defendants' motion to dismiss for failure to state a claim. *See* ECF No. 4.

3. On March 12, 2026, I emailed Plaintiff to introduce myself and request her availability, pursuant to LR 7-1(a), for a telephone conference concerning Defendants' intention to file a motion to dismiss Plaintiff's complaint. Attached hereto as **Exhibit A** is a true and correct copy of all correspondence exchanged between myself and Plaintiff between March 12, 2026 and March 16, 2026.

4. Plaintiff quickly responded and stated that she was not available for a meeting.

5. In response, I explained to Plaintiff that LR 7-1(a) obligates both parties to make a good faith effort to meet and confer prior to the filing of a motion.

6. Plaintiff responded to my second email and again stated that she was not available for a meeting and that she would not be available until April. She also stated that it was inappropriate for me to contact her, and that she was going to notify the court to ask for an extension.

7. In my response the next morning, I reiterated Defendants' intent to file a motion to dismiss, explained that the deadline to do so was quickly approaching, and stated that my request for a meet-and-confer was not an attempt to interfere with her maternity leave. I added that, pursuant to LR 7-1(a)(1)(B), I would note her unwillingness to confer in Defendants' forthcoming motion to dismiss. I concluded by asking that if Plaintiff changed her mind and was instead willing to meet and confer, I would prefer that she let me know by the end of that day.

8. Later that day, Plaintiff accused me of "not following proper procedure/protocol" for filing Defendants' notice of removal without first conferring with her. Plaintiff threatened to "include that to the courts" and stated that she would "discuss with an attorney and proceed from there."

9. In my response, I reiterated my plan to certify to the Court that she was unwilling to confer on Defendants' intended motion to dismiss. To conclude, I asked that if Plaintiff were to retain legal counsel, that she let me know at her earliest convenience.

10. In response, Plaintiff changed course and stated that she would meet with me. She added that she was "not required to give [me] the information of the legal counsel [she] seek[s] advice from and consultation from, just to clarify."

11. On March 16, 2026, Plaintiff and I spoke over the phone to confer on Defendants' intent to file a motion to dismiss her complaint for failure to state a claim. In that conversation, I (1) explained the parties' obligation to meet and confer pursuant to LR 7-1(a); (2) explained Defendants' intent to file a motion to dismiss under FED. R. CIV. P. 12(b)(6); (3) explained the basics of how a FED. R. CIV. P. 12(b)(6) motion works; and (4) explained Defendants' arguments as to why each of Plaintiffs claims fail under FED. R. CIV. P. 12(b)(6).

12. I asked Plaintiff if I was mistaken as to any of my arguments and she responded by reciting the facts in her complaint and listing the evidence she intended to present to support those facts. To conclude the conversation, I stated that we were at an impasse and that Defendants would proceed with their motion.

13. My phone call with Plaintiff lasted approximately ten minutes.

14. If Plaintiff mentioned her intent to file a motion for a continuance, I do not recall that discussion and I did not make a note of it in the personal notes I prepared immediately following our meet and confer.[2]

---

[2] I did make note, however, of Plaintiff's comment that if this case is dismissed, she intended to file new complaints against all Defendants. In response, I stated that she would be precluded from filing the same claims against the same defendants ever again. Her response was that she would allege new claims. When I asked her what those claims would be, Plaintiff refused to answer.

15. I filed Defendants' motion to dismiss for failure to state a claim on March 17, 2026. *See* ECF No. 3. I emailed Plaintiff a courtesy copy of that motion shortly after. *See* **Exhibit B**.

16. Plaintiff sent me an email the next day. The subject line of that email read, "Motion to continue." The full text of the email stated "Please see attached." *See* **Exhibit C**.

17. To the best of my knowledge, and upon a thorough review of my emails and personal records, the emails attached to this declaration and summarized above include all emails exchanged between Plaintiff and I between March 12, 2026 the date I first emailed Plaintiff, and March 18, 2026, the date Plaintiff filed Plaintiff's Motion.

18. Before Plaintiff filed her motion to disqualify, her and I had spoken over the phone only once, on March 16, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Dated on April 27, 2026

___/s/ *Caleb S. Crahan*_____
Caleb S. Crahan, OSB No. 226470

# Exhibit A

**Crahan, Caleb S.**

| | |
|---|---|
| **From:** | Iricia Ann <iriciaann471@gmail.com> |
| **Sent:** | Monday, March 16, 2026 3:15 PM |
| **To:** | Crahan, Caleb S. |
| **Subject:** | Re: Spencer-Sanchez v. Concorde - Motion to Dismiss |

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Confirm

On Mon, Mar 16, 2026 at 12:45 PM Crahan, Caleb S. <CCrahan@thompsoncoburn.com> wrote:

Iricia,

Following up on my email below, I intend to call at the number you included in your complaint: (971) 480-1289. Please let me know if that is not a good number to reach you at.

If you'd prefer, you can reach me at either my office number, (314) 552-6477, or cell, (816) 591-2732. Thank you.

**Caleb S. Crahan**
(he/him/his)
ccrahan@thompsoncoburn.com
P: 314 552 6477
F: 314 552 7000
M: 816 591 2743

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Crahan, Caleb S. <CCrahan@thompsoncoburn.com>
**Sent:** Saturday, March 14, 2026 7:19 AM
**To:** Iricia Ann <iriciaann471@gmail.com>
**Subject:** Re: Spencer-Sanchez v. Concorde - Motion to Dismiss

Thank you. I will call you then. What is a good number to reach you at?

Caleb

Get Outlook for iOS

---

**From:** Iricia Ann <iriciaann471@gmail.com>
**Sent:** Saturday, March 14, 2026 3:34 AM
**To:** Crahan, Caleb S. <CCrahan@thompsoncoburn.com>
**Subject:** Re: Spencer-Sanchez v. Concorde - Motion to Dismiss

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

---

I'm available 3pm.

Iricia

On Fri, Mar 13, 2026 at 5:35 PM Crahan, Caleb S. <CCrahan@thompsoncoburn.com> wrote:

Iricia,

Thank you. When are you available for a call on Monday? I am free all day except for 1:00 to 2:00 p.m. Pacific.

Thanks,

**Caleb S. Crahan**
(he/him/his)
ccrahan@thompsoncoburn.com
P: 314 552 6477
F: 314 552 7000
M: 816 591 2743

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Iricia Ann <iriciaann471@gmail.com>
**Sent:** Friday, March 13, 2026 6:00 PM

**To:** Crahan, Caleb S. <CCrahan@thompsoncoburn.com>
**Subject:** Re: Spencer-Sanchez v. Concorde - Motion to Dismiss

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

I will meet with you, I am not required to give you the information of the legal council I seek advice from and consultation from, just to clarify.

Iricia

On Fri, Mar 13, 2026 at 3:26 PM Crahan, Caleb S. <CCrahan@thompsoncoburn.com> wrote:

> Iricia,
>
> Defendants have not yet filed any motions with the court. The notice of removal you have received is not a motion, and defendants have yet to file the motion to dismiss we wish to confer on now.
>
> That said, I understand you are not willing to have that discussion, so I will state that in the motion as I mentioned before. You are, of course, welcome to argue the validity of your claims in response to the forthcoming motion.
>
> If you do retain legal counsel, please let me know at your earliest convenience. Thanks.
>
> **Caleb S. Crahan**
> (he/him/his)
> ccrahan@thompsoncoburn.com
> P: 314 552 6477
> F: 314 552 7000
> M: 816 591 2743
>
> **Thompson Coburn LLP**
> One US Bank Plaza
> St. Louis, MO 63101
> www.thompsoncoburn.com

**From:** Iricia Ann <iriciaann471@gmail.com>
**Sent:** Friday, March 13, 2026 2:42 PM

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

You had also already filed a motion before having a meeting with me, as I have received it. I will also be including that to the courts. Trying to now schedule something with me after the fact is not following proper procedure/protocol.

Iricia

On Fri, Mar 13, 2026 at 12:39 PM Iricia Ann <iriciaann471@gmail.com> wrote:

They are valid claims under federal law and specifically violate Title 9 regarding pregnancy/ discrimination and my civil rights as well.

Thank you,

I will discuss with an attorney and proceed from there.

Iricia

On Fri, Mar 13, 2026 at 10:09 AM Crahan, Caleb S. <CCrahan@thompsoncoburn.com> wrote:

Iricia,

We are aware you are on maternity leave from school. But the lawsuit you filed is separate from your education, operates on a specific schedule, and is governed by specific rules that the parties must follow. Under the Local Rules, which can be found here, the parties are required to discuss motions before they are filed. *See* LR 7-1(a) (available here).

Defendants plan on filing a motion to dismiss the claims you have asserted because they are not valid claims under the law. And that motion must be filed no later than Tuesday, March 17 according to the Federal Rules of Civil Procedure. My request to have a call with you was intended only to comply with the Local Rules' meet-and-confer and the Federal Rules' time requirements that were triggered by you filing your lawsuit and

the case being removed to federal court. It was not done to interfere with your maternity leave from school in any way.

Since you are refusing to have a call with me, I will state that in our motion as the Local Rules require, *see* LR 7-1(a)(1)(B), and the Court can address that aspect of the case as it sees fit. Of course, if you change your mind and would prefer to have the call, please let me know before the end of the day. I remain willing to find a time that works for both of us on Monday for a call.

**Caleb S. Crahan**
(he/him/his)
ccrahan@thompsoncoburn.com
P: 314 552 6477
F: 314 552 7000
M: 816 591 2743

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Iricia Ann <iriciaann471@gmail.com>
**Sent:** Thursday, March 12, 2026 8:41 PM
**To:** Crahan, Caleb S. <CCrahan@thompsoncoburn.com>
**Subject:** Re: Spencer-Sanchez v. Concorde - Motion to Dismiss

RECEIVED FROM EXTERNAL SENDER - USE CAUTION

Will be notifying the courts *

On Thu, Mar 12, 2026 at 6:38 PM Iricia Ann <iriciaann471@gmail.com> wrote:

I am not available at this time as I have a newborn. I would be available in April. I am on maternity leave and Concorde is aware of this, so it's inappropriate to be having their attorney reach out on their behalf. I will be available in April and will be notifying the copters as well and ask for an extension regarding this due to current circumstances.

Iricia

On Thu, Mar 12, 2026 at 11:05 AM Crahan, Caleb S. <CCrahan@thompsoncoburn.com> wrote:

Iricia,

Thank you for your response. Please clarify your response. Do you refuse to meet or are you unavailable at the times that I proposed?

Please note that both parties are obligated under LR 7-1 to make a good-faith effort to meet and confer prior to the filing of a motion.

Thanks,

**Caleb S. Crahan**
(he/him/his)
ccrahan@thompsoncoburn.com
P: 314 552 6477
F: 314 552 7000
M: 816 591 2743

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

---

**From:** Iricia Ann <iriciaann471@gmail.com>
**Sent:** Thursday, March 12, 2026 12:43 PM
**To:** Crahan, Caleb S. <CCrahan@thompsoncoburn.com>
**Subject:** Re: Spencer-Sanchez v. Concorde - Motion to Dismiss

---

RECEIVED FROM EXTERNAL SENDER - USE CAUTION

---

I am not available for a meeting and will be pursuing a motion to keep the case in district court and pursue trial.

Best,

Iricia

On Thu, Mar 12, 2026 at 9:47 AM Crahan, Caleb S. <CCrahan@thompsoncoburn.com> wrote:

Ms. Spencer-Sanchez:

My name is Caleb Crahan. I am an attorney for the defendants in the lawsuit you recently filed against Concorde Career Colleges, Inc. and certain individuals in Multnomah County.

As you likely have seen by now, defendants have removed this case to the U.S. District Court for the District of Oregon pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. We now intend to move for dismissal of your complaint. Please consider this defendants' good faith effort, pursuant to District of Oregon Local Rule 7-1(a), to meet and confer concerning defendants' upcoming motion.

Please let me know when you are available for a phone call either tomorrow, March 13, or Monday, March 16.

Thank you,

**Caleb S. Crahan**
(he/him/his)
ccrahan@thompsoncoburn.com
P: 314 552 6477
F: 314 552 7000
M: 816 591 2743

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.



CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.



Exhibit B

# Crahan, Caleb S.

| | |
|---|---|
| **From:** | Crahan, Caleb S. |
| **Sent:** | Tuesday, March 17, 2026 7:24 PM |
| **To:** | Iricia Ann |
| **Subject:** | Spencer-Sanchez v. Concorde - Defendants' Motion to Dismiss |
| **Attachments:** | Spencer-Sanchez v. Concorde - Defendants' Motion to Dismiss_file stamped.pdf |

Ms. Spencer-Sanchez,

Thanks again for your time yesterday. As discussed, attached is the motion I just filed on behalf of all defendants.

Thanks,

**Caleb S. Crahan**
(he/him/his)
ccrahan@thompsoncoburn.com
P: 314 552 6477
F: 314 552 7000
M: 816 591 2743

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

Exhibit C

# Crahan, Caleb S.

| | |
|---|---|
| **From:** | Iricia Ann <iriciaann471@gmail.com> |
| **Sent:** | Wednesday, March 18, 2026 11:40 AM |
| **To:** | Crahan, Caleb S. |
| **Subject:** | Motion to continue |
| **Attachments:** | Concorde Motion Response March 18 26.docx |

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Please see attached: