Caleb S. Crahan, 226470
ccrahan@thompsoncoburn.com
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
314 552 6477
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IRICIA SPENCER-SANCHEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CONCORDE CAREER COLLEGE/LPN<br>PROGRAM, et al.,<br><br>        Defendants. | Case No. 3:26-cv-00472-IM<br><br><br>DEFENDANTS CONCORDE CAREER<br>COLLEGE/LPN PROGRAM; ROVER<br>HARRIS, VINCENT MENO, DEBRA<br>COHEN, AND SIRI DIXON'S RESPONSE<br>TO PLAINTIFF'S MOTION FOR<br>PROTECTIVE ORDER |

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b),

54-1(c), or 54-3(e) because it contains 983 words, including headings, footnotes, and quotations,

but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits,

and any certificates of counsel.

**RESPONSE**

Defendants Concorde Career College/LPN Program, Robert Harris, Vincent Meno, Debra

Cohen, and Siri Dixon ("Defendants") respectfully request that the Court deny the motion for a

protective order (the "Motion") filed by Plaintiff Iricia Spencer-Sanchez ("Plaintiff").


DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

## I.      Background

On or about April 20, 2026, Plaintiff filed the Motion, captioned in full as follows: "Filing Packet: Motion for Protective Order + Proposed Order + Supporting Declaration." *See* ECF No. 8. The Motion asks the Court for an order protecting the identities of two fact witnesses. *Id.* According to Plaintiff, both witnesses have "direct knowledge of material facts in this case." *Id.* at 2.

Plaintiff alleges that both witnesses "are connected to or were recently within Concorde Career College's LPN program environment."[1] *Id*. Therefore, Plaintiff alleges that the witnesses "remain in a vulnerable academic environment controlled by Defendants." *Id* at 3. Plaintiff further alleges that the witnesses have a "credible fear that disclosure of their identities to Defendants *could result in*" any of the following:

> Retaliation affecting academic progress or program completion;
> Harassment or hostile treatment within the educational environment;
> Alteration of clinical assignments, grading, or scheduling; and
> Professional or academic disadvantage within a controlled institutional setting.

*Id* at 2–3. (emphasis added). To conclude, Plaintiff asks the Court to protect the witnesses' identities from disclosure to Defendants, limiting their disclosure to Defendants' counsel only. *Id.* at 2.

The Motion does not contain the certification required by LR 7-1(a). *See id.*; *see also* LR 26-3(g) ("The Court will deny any discovery motion that does not contain the certification required by LR 7-1(a).").

## II.      Argument

Absent "extraordinary circumstances," the relief Plaintiff seeks is not provided for under the Federal Rules. *See, e.g.*, *Diamond Pleasanton Enter., Inc. v. City of Pleasanton*, No. 12-cv-

---

[1] Strangely, at no point does the Motion refer to the witnesses as "students" or "classmates."

00254, 2015 WL 74946, at *1 (N.D. Cal Jan. 5, 2015). ("Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws."); *Doe v. Los Angeles Unified Sch. Dist.*, No. 16-cv-00305, 2017 WL 797152, at *9 (C.D. Cal Feb. 27, 2017) ("In rare circumstances, witnesses may testify anonymously; however, absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws.") (quotation omitted).

This case does not present extraordinary circumstances. Nor has Plaintiff otherwise met her burden for the issuance of a protective order. As relevant here, FED. R. CIV. P. 26(c)(1) provides as follows:

> "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> [ . . . ]
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted[.]

FED. R. CIV. P. 26(c)(1).[2] A party seeking a protective order "*must show* with respect to each particular material or category of materials that specific prejudice or harm *will result* if no order is granted." LR 26-4(a) (emphasis added); *see also Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (A party asserting good cause for the issuance of a protective order bears the burden "of showing that *specific* prejudice or harm *will* result if no protective order is granted.") (emphasis added) (citation omitted).

---

[2] As a practical matter, Defendants have excluded from this response brief any FED. R. CIV. P. 26(c)(3)'s incorporation of FED. R. CIV. P. 37(a)(5). Rule 37(a)(5) provides that if "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."

Further, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the requirements of this rule. . . ." LR 26-4(a); *see also Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (internal quotation omitted).

Plaintiff makes broad allegations of retaliatory harm that "could"—Plaintiffs' phrasing—occur if her witnesses' identities are revealed to Defendants. Plaintiff makes no showing that specific harm will occur. Nor could she. Plaintiff's allegations of resulting harm are speculative and they presuppose that Defendants are bad actors, which they are not. Plaintiff, in short, has not met her burden.

Even if Plaintiff had satisfied her burden, the attorneys' eyes only designation she attempts to place on her witnesses' identities is impractical and prejudicial. To start, Plaintiff acknowledges that the witnesses have "direct knowledge of material facts in this case." Nevertheless, Plaintiff wishes to limit Defendants' access to and investigation of that knowledge. That will in some form or fashion require Defendants knowing the identity of the individuals that are the subject of Plaintiff's Motion.

Indeed, "absent extraordinary circumstances," Defendants are entitled to investigate and rebut any testimony lodged against them. In most instances, investigation of that testimony will be impossible without the identity of the individual who gave it. Moreover, counsel for Defendants cannot effectively depose Plaintiff's witnesses if their identities remain unknown to the individuals with knowledge of the facts—or lack thereof—that make up this case. And if this case proceeds to trial, Defendants cannot effectively testify in rebuttal if they are not allowed to know the identity

of the individuals who offer testimony against them. Plaintiff has failed to meet her burden on a motion for a protective order, and the solution she proposes is unworkable.

WHEREFORE, Defendants Concorde Career College/LPN Program, Robert Harris, Vincent Meno, Debra Cohen, and Siri Dixon respectfully request that the Court (1) deny the Motion, and (2) issue such further relief as the Court deems just and proper.

Dated: April 28, 2026.

s/ Caleb S. Crahan<br>
Caleb S. Crahan, 226470<br>
Attorney for Defendants Concorde<br>
Career College, Robert Harris,<br>
Vincent Meno, Debra Cohen, and<br>
Siri Dixon

**CERTIFICATE OF SERVICE**

I hereby certify I served on this the 28th day of April 2026, the foregoing on the following via e-mail and/or U.S. Mail:

Iricia Spencer-Sanchez
5114 NE 34th St., A-5
Vancouver, WA 98661
iriciaann471@gmail.com

s/ Caleb S. Crahan
OF COUNSEL
