IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IRICIA SPENCER-SANCHEZ, | Case No. 3:26-cv-00472-IM |
| Plaintiff, | **ORDER** |
| v. | |
| CONCORDE CAREER COLLEGE/LPN PROGRAM, et al., | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Iricia Spencer-Sanchez, proceeding pro se, brings this action against Concorde Career College ("Concorde") and several of its employees for alleged pregnancy discrimination and related claims of retaliation. Plaintiff is a student in Concorde's Licensed Practical Nursing ("LPN") program. Plaintiff brings pregnancy discrimination and retaliation claims under Title IX as well as equal protection, substantive due process, procedural due process, and retaliation

PAGE 1 – ORDER

claims under Section 1983. Complaint ("Compl."), ECF 1-1 at 9–11.[1] Before this Court is Defendants' Motion to Dismiss ("Motion"), ECF 3. For the reasons below, Defendants' Motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's Complaint is DISMISSED IN PART with leave to amend.

## STANDARDS

A court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In evaluating the sufficiency of a complaint, the court must accept as true all well-pleaded material facts in the complaint and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations.  *Iqbal*, 556 U.S. at 678–79.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

---

[1] Plaintiff's Motion to Continue Proceedings and Response in Opposition to Defendants' Motion to Dismiss ("Opp") alleges a violation of the Family Educational Rights and Privacy Act ("FERPA"). ECF 4 at 5. Because that claim was absent from her Complaint, this Court does not consider it. In any event, FERPA lacks a private right of action so Plaintiff cannot sue under it. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002).

PAGE 2 – ORDER

*Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff is self-represented, so this Court will construe her pleadings liberally and afford her the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam)

## BACKGROUND

Plaintiff alleges that she experienced pregnancy discrimination while enrolled as a student in the LPN Program during the 2025–2026 academic year. Compl., ECF 1-1 at 6. Concorde, she alleges, is a federally funded institution. *Id.* at 5. During her pregnancy, Plaintiff experienced medical complications that required her to miss class. *Id.* at 7. Plaintiff alleges that Defendants refused to excuse her pregnancy-related absences and that she was placed on an "attendance warning" even though her absences were medically excused. *Id.* at 6–7. Plaintiff alleges that Defendants repeatedly told her that if she exceeded fourteen days of absences, she would be automatically withdrawn from the program regardless of medical necessity. *Id.* at 7. Defendants allegedly threatened her that she would fail her fourth term if she was not present on the first scheduled day, which was three days before Plaintiff's due date. *Id.* at 7. Finally, Plaintiff alleges that she was graded more harshly than other similarly situated non-pregnant students. *Id.* at 8.

Plaintiff alleges that certain Defendants retaliated against her for her asserting her Title IX rights. *Id.* Defendant Robert Harris allegedly denied Plaintiff attendance credit and assigned her a zero for lab days she participated in, although this error was corrected. *Id.* Defendant Vincent Meno allegedly spread false statements regarding Plaintiff's character and legal

PAGE 3 – ORDER

complaint against Concorde. *Id.* Plaintiff reported this conduct to the school administration, and she alleges that Defendants failed to investigate, correct, or prevent the ongoing retaliation. *Id.*

## DISCUSSION

Plaintiff has failed to state a claim under Title IX or Section 1983 against most of the Defendants. But, Plaintiff has alleged sufficient facts to state a claim for pregnancy discrimination under Title IX against Concorde. As for the dismissed claims, those claims fail to state a claim for various reasons. Title IX claims cannot be brought against individual defendants. Plaintiff has failed to allege sufficient facts to state a Title IX claim against Concorde for retaliation. Plaintiff cannot bring her Section 1983 claims against Defendants because they did not act under the color of state law.

### A.  Title IX Claims Against Individual Defendants

Plaintiff's Title IX claims against the individual defendants must be dismissed because Title IX claims can only be asserted against institutions that receive federal funding, not individuals. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (citations omitted) ("Title IX reaches institutions and programs that receive federal funds, which may include nonpublic institutions, but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals.")

### B.  Title IX Claims Against Concorde

For the reasons below, Plaintiff has stated a pregnancy discrimination claim, but not a retaliation claim, against Concorde under Title IX.

#### 1.  Discrimination

"To state a Title IX [discrimination] claim, a plaintiff must plead that: (1) the defendant educational institution[] receives federal funding; (2) the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination under any education

PAGE 4 – ORDER

program or activity, and (3) the latter occurred on the basis of sex." *Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020). "[T]he relevant inquiry on a motion to dismiss a Title IX claim . . . is whether the alleged facts, if true, raise a plausible inference that the university discriminated against the plaintiff on the basis of sex." *Doe v. Regents of Univ. of Cal.*, 23 F.4th 930, 932 (9th Cir. 2022).

This Court finds that Plaintiff's Complaint has adequately alleged each of these elements.[2] Plaintiff alleges, and Defendants concede, that Concorde receives federal funding. Compl., ECF 1-1 at 5; Motion, ECF 3 at 5. As for an adverse action, Plaintiff alleges that "Defendants treated Plaintiff less favorably than similarly situated non-pregnant students by subjecting her to attendance warnings [and] academic penalties." *Id.* at 8. To support that allegation, Plaintiff notes that Defendant Robert Harris "denied Plaintiff attendance credit and assigned her a zero for lab days she attended and participated in." *Id.* While this error was corrected, it serves as factual support for her broader allegation of discriminatory grading. *Id.*; *see Ali v. Margate Sch. of Beauty, Inc.*, No. 11-60102-CIV, 2011 WL 4625372, at *3 (S.D. Fla. Oct. 3, 2011) (explaining that in the Title IX area, "decreased grades" can constitute a "tangible adverse action). And Plaintiff has alleged the necessary causal link as she needed to miss the class time because of "pregnancy complications." Motion, ECF 3 at 7; *see Conley v. Nw. Fla. State Coll.*, 145 F. Supp. 3d 1073, 1075, 1077 (N.D. Fla. 2015) (explaining that Title IX covers

---

[2] This Court does not rely on Plaintiff's new factual allegations, which are included in her Opposition. The Court's analysis of a Rule 12(b)(6) motion does not, and cannot, include new facts alleged in an Opposition. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)). Accordingly, this Court relies on Plaintiff's Complaint alone, drawing all reasonable inferences in her favor.

pregnancy discrimination as "Congress specifically envisaged that its prohibition of sex discrimination would encompass pregnancy discrimination.").

In response, Defendants contend that Plaintiff "in no way alleges that any Defendant's conduct deprived her of participation in any program at Concorde." Motion, ECF 3 at 9. That is because "there is no dispute Plaintiff is a current student at Concorde to this day and there are no allegations that any of the alleged adverse actions were taken against Plaintiff on account of her pregnancy." *Id.* at 10.

Contrary to Defendants' arguments, Title IX requires more than that a college permit a student to remain in attendance. Rather, it covers all conduct that "exclude[s] [them] from participation in," "denie[s] [them] the benefits of," or "subject[s] [them] to discrimination" on the basis of sex. *Schwake,* 967 F.3d at 946. Here, even if Plaintiff remains a student, her allegations of discriminatory grading suffice to state a sex discrimination claim under Title IX. Defendants' motion to dismiss Plaintiff's Title IX discrimination claim against Concorde is denied.

### 2. Retaliation

In the Title IX context, "a plaintiff who lacks direct evidence of retaliation must first make out a prima facie case of retaliation by showing (a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two." *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 724 (9th Cir. 2012). "It is a protected activity to protest or otherwise oppose unlawful discrimination," which means "in the Title IX context, speaking out against sex discrimination . . . is protected activity." *Id.* at 725 (citation modified). Institutions that receive Title IX funds are not vicariously liable for the acts of their employees in a private action for damages under Title IX. The institution must be deliberately indifferent to the misconduct. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)

PAGE 6 – ORDER

(holding "that a damages remedy will not lie under Title IX unless an official who . . . has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond")

Here, Plaintiff's Complaint does not plausibly allege the necessary causal link between any protected activity (as opposed to Plaintiff's pregnancy itself) and any adverse action. Plaintiff alleges that various adverse actions including being denied "attendance credit," unfair grading, and spreading of false statements about her "character and her legal complaint against Concorde Career College." Compl., ECF No. 1-1 at 8. But she never provides specific facts for the Court to reasonably infer the necessary "causal link" between these alleged adverse actions and protected conduct. *Emeldi*, 698 F.3d at 724.

Similarly, Plaintiff's allegation that her "assignments and examinations were graded unfairly or withheld, resulting in lower academic evaluations than non-pregnant students with similar performance," does not suffice to allege a *retaliation* (as opposed to a discrimination) claim. Compl., ECF No. 1-1 at 8. Without more, this allegation supports the reasonable inference that the cause of the unfair grading was on account of her pregnancy, not legally protected conduct, as required for a retaliation claim.

Plaintiff comes closest to a plausible Title IX retaliation claim with her allegations regarding Defendant Vincent Meno's false statements. She alleges that Meno "spread false statements regarding Plaintiffs character and her legal complaint against Concorde Career College, creating a hostile educational environment." Compl., No. 1-1 at 8. Specifically, "Plaintiff was informed by multiple classmates that Defendant Meno falsely stated she had improperly involved specific peers, Renne Robles and Jaylinda Ikea, in her legal complaint." *Id.*

PAGE 7 – ORDER

While Plaintiff does not say what "legal complaint" she is referring to, this Court could infer that the complaint was the one about Defendant Robert Harris assigning her a "zero."

But, such an inference would not be reasonable. The Complaint, after all, must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). Applied here, Defendants should not have to guess that the legal complaint that Plaintiff refers to is the one about Robert Harris. Because this Court will not grant Plaintiff that unreasonable inference, the reference to a "legal complaint" is too lacking in specific facts to plausibly allege adverse action in response to protected activity. Plaintiff's Title IX retaliation claim against Concorde is therefore dismissed.

## C. Section 1983 Claims

"Claims under § 1983 can be brought only against state actors." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 n.1 (9th Cir. 2022) (citation omitted). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation modified). Courts "presum[e] that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "That presumption may be overcome in limited circumstances, such as where the state has exercised coercive power or has provided such significant encouragement that the challenged action must be considered that of the state, or where the state knowingly accepts the benefits derived from unconstitutional behavior. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (citation modified). "[A] private university[] does not become a state actor merely by virtue of being required by generally applicable civil rights laws to ameliorate sex (or any other form of) discrimination in educational activities as a condition of receiving state funding." *Id.* at 1014.

PAGE 8 – ORDER

Plaintiff's Section 1983 claims do not plausibly allege state action. As noted previously, Plaintiff's allegation that Concorde, a private institution, receives "federal financial assistance" does not suffice to transform it into a state actor. Compl., ECF 1-1 at 5. Similarly, Plaintiff's conclusory allegation that Defendants "acted under color of state law" does not suffice to meet the pleading requirement. *Id.* at 6. Such conclusory allegations, without more, do not suffice to meet the pleading standard. Plaintiff's Section 1983 claims must be dismissed in their entirety. *See Iqbal*, 556 U.S. at 678.

**D. Leave to Amend**

Because this Court dismisses Plaintiff's Complaint in part, it must decide whether to grant leave to amend. A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Dismissal without leave to amend is appropriate where "amend[ment] would be futile because the plaintiffs cannot state a plausible basis for relief." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). More precisely, futility exists where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation modified).

Here, there is a high risk that amendment would be futile for Plaintiff's Section 1983 claims. As noted previously, these claims require state action, and it appears unlikely that Plaintiff can allege facts showing that Concorde and its employees are state actors. Amendment is also likely futile as to Plaintiff's Title IX discrimination and retaliation claims against the individual defendants since Title IX claims cannot be brought against individual defendants. Nevertheless, this Court still grants leave to amend to account for the importance of giving Plaintiff, a pro se litigant, the benefit of the doubt. *See Erickson*, 551 U.S. at 94.

PAGE 9 – ORDER

In addition, this Court also finds that amendment is not futile as to Plaintiff's Title IX retaliation claims against Concorde. Because there are possible sets of facts that could plausibly allege a Title IX retaliation claim against Concorde, this Court concludes that granting leave to amend is proper.

## CONCLUSION

Defendants' Motion to Dismiss, ECF 3, is GRANTED IN PART AND DENIED IN PART. With the exception of Plaintiff's Title IX discrimination claim against Concorde, Plaintiff's Complaint, ECF 1-1, is DISMISSED with leave to amend. Plaintiff may file an amended complaint in accordance with this Order within twenty-one (21) days and no later than September 2, 2026. Plaintiff's failure to timely file an amended complaint will result in this Court dismissing all non-surviving aspects of Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

DATED this 12th day of August, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – ORDER